5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 Jacob Segura MOSLEY,

D-2 Bethani Raelynn WINTERS,

Defendants.
_______________________________/

Case:2:20-cr-20604
Judge: Borman, Paul D.
MJ: Whalen, R. Steven
Filed: 12-16-2020 At 10:25 AM
INDI USA V. MOSLEY ET AL (DA)

VIO: 21 U.S.C. §§ 841(a)(1), (b)(1)(B)
21 U.S.C. § 846

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

21 U.S.C. §§ 841(a)(1), (b)(1)(B) — *Possession with intent to distribute cocaine base*

D-1 Jacob Segura MOSLEY
D-2 Bethani Raelynn WINTERS

On or about November 24, 2020, in the Eastern District of Michigan, the defendants, Jacob Segura MOSLEY and Bethani Raelynn WINTERS, did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Before defendant Jacob Segura MOSLEY committed the offense charged in this count, MOSLEY had a final conviction for a serious violent felony, namely, a conviction under Mich. Comp. Laws § 750.529 (armed robbery) punishable by a maximum term of imprisonment of 10 years or more for which MOSLEY served more than 12 months of imprisonment.

## COUNT TWO

21 U.S.C. § 841(a)(1) — *Possession with intent to distribute heroin*

D-1    Jacob Segura MOSLEY
D-2    Bethani Raelynn WINTERS

On or about November 24, 2020, in the Eastern District of Michigan, the defendants, Jacob Segura MOSLEY and Bethani Raelynn WINTERS, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

21 U.S.C. § 846 — *Conspiracy to possess with intent to distribute controlled substances*

D-1    Jacob Segura MOSLEY
D-2    Bethani Raelynn WINTERS

On or about November 2020, in the Eastern District of Michigan, Southern Division, the defendants, Jacob Segura MOSLEY and Bethani Raelynn WINTERS, knowingly and intentionally conspired, confederated and agreed together and with

each other to commit the following offense against the United States: possession with intent to distribute controlled substances containing cocaine base (a Schedule II controlled substance) and heroin (a Schedule I controlled substance), in violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.

## FORFEITURE ALLEGATION

21 U.S.C. § 853(a) — *Criminal forfeiture*

The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853(a).

Upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, the defendants, Jacob Segura MOSLEY and Bethani Raelynn WINTERS, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): any property, real or personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the such offenses; and any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

**THIS IS A TRUE BILL.**

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

MATTHEW A. ROTH
Assistant United States Attorney
Chief, General Crimes Unit

*s/Lisandra Fernandez-Silber*
LISANDRA FERNANDEZ-SILBER
Assistant United States Attorney
211 West Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov

December 16, 2020

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case: 2:20-cr-20604<br>Judge: Borman, Paul D.<br>MJ: Whalen, R. Steven<br>Filed: 12-16-2020 At 10:25 AM<br>INDI USA V. MOSLEY ET AL (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: _RWY_ |

**Case Title:** USA v. D-1 Jacob Segura Mosley, D-2 Bethani Raelynn Winters

**County where offense occurred:** Monroe

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

```
____Indictment/____Information --- no prior complaint.
 ✓  Indictment/____Information --- based upon prior complaint [Case number: 20-30500      ]
____Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].
```

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

December 16, 2020
Date

_for_ _[signature]_
Lisandra Fernandez-Silber
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9122
Fax:   313-226-2372
E-Mail address: Lisandra.Fernandez-Silber@usdoj.gov
Attorney Bar #: P84380

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.